COMMONWEALTH OF MASSACHUSETTS
U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CASE No: 04 12693 WGY

MEHDI K. ARYA,
    Plaintiff

VS.

US ARMY CORPS OF ENGINEERS,
AND R.L. BROWNLEE, Acting
Secretary of the Army,
    Defendants

MAGISTRATE JUDGE _____

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. _____
DATE 12/23/04

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION AND VENUE

1. This Court has original jurisdiction on over the subject matter of this action pursuant to 28 U.S.C. §1331, where jurisdiction arises under the Constitution of the United States, an Amendment to the Constitution, or an act of Congress or a Treaty of the Untied States and further, the U.S. Government is a Defendant in this action.

2. Venue in this District is proper under 28. U.S.C. §1391.

### PARTIES

3. Plaintiff, Mehdi K. Arya, is an individual with a residential address of 240 Haverhill Street, Reading, Essex County, Massachusetts.

4. Plaintiff, at all times pertinent hereto, was employed as a construction project manager with Roads Corporation and served in such capacity for the U.S. Army Corps of Engineers for the project known as "Building 1614" at Hanscomb Air Force Base in Concord, Massachusetts.

5. Defendant, U.S. Army Corps of Engineers (hereinafter "Army Corps") is a federal agency responsible for federal civil works projects across the county, most of them associated with dams, harbors, lakes and other bodies of water.

   Defendant, Army Corps, at all times pertinent hereto, operated and maintained a facility in this District, at its Eastern Division at 696 Virginia Road, Concord, Massachusetts 01742.

6. Defendant, R.L. Brownlee, at all times pertinent hereto, was Acting Secretary of the Army and is sued in his official capacity.

7. Defendant, Lt. Colonel Green, at all times pertinent hereto, was Acting District Engineer of the Eastern Division of the Army Corps and is sued in his official capacity.

## FACTS

8. Plaintiff is employed as a construction manager with Roads Corporation (hereinafter "Roads").

9. Roads is a construction contractor company located at 241 Treble Cove Road in North Billerica, Massachusetts.

10. Plaintiff has a history of performing work on behalf of Roads for the Federal Government.

11. In 1998, Plaintiff worked on a project at the former Fort Devens and between 1998 and 2001, Plaintiff worked on Buildings 1900, 1427 and 1607 for the Air Force at Hanscom Air Force Base.

12. In 2001 Roads was awarded a contract for two phases of work to be completed on Building 1614 at Hanscomb Air Force Base in Concord, Massachusetts.

13. Notice to proceed on said project was received in 2001 and Plaintiff attended a few pre-design meetings for the Building 1614 project.

14. Plaintiff subsequently left the Building 1614 project to staff another non-Corps project located in Boston.

15. However, Plaintiff returned to the Building 1614 project on or about March/April of 2003.

16. Plaintiff was required to bring his U.S. Passport to Mr. Ken Paton, the Corps manager for both phases of the Building 1614 project, in order to obtain a pass to gain access to the Air Force base.

17. The work on the Building 1614 project was challenging.

18. When Plaintiff was assigned to the Building 1614 project, the construction effort was not going well; there were schedule delays and issues with Roads' management team. Plaintiff was assigned to the Building 1614 project to help to resolve these problems.

19. In addition to Ken Paton, the Corps manager for both phases of the Building 1614 project, there were other Corps personnel that staffed the project on a daily basis. Specifically: Steve Eaton, the project resident engineer; William Haynes, the project construction engineer; and Leonard Bucciarelli, the construction/QA representative.

20. Plaintiff was familiar with this project team from his brief involvement with the Building 1614 project in 2001, but did not know them well until his return to the project in 2003.

21. Between March/April 2003 and March 2004, Plaintiff interacted regularly with Mr. Eaton, Mr. Bucciarelli and Mr. Haynes. During that period, there were a number of occasions where Mr. Haynes made derogatory comments to Plaintiff concerning his race/national origin.

22. Plaintiff's national origin is Iranian. He moved to the United States from Iran at 16 years of age and became a US citizen in 1994.

23. Examples of these comments include one made during a 'Red Zone' meeting (meeting where schedule is discussed). Plaintiff presented a schedule that showed delivery of an O&M manual on 24 December (Christmas Eve). Mr. Haynes questioned Plaintiff in front of a group of 20 team members, asking whether he believed in Christmas since he is a Muslim.

24. On another occasion, Mr. Haynes asked Plaintiff 'what kind of special foods do you eat?' There were several other similar comments directed toward Plaintiff by Mr. Haynes. Plaintiff essentially put these comments by Mr. Haynes behind him and kept working.

25. On March 29, 2004, Building 1614 was scheduled to be turned over to the Corps, as a project complete. One week before to March 29, 2004 an employee working at Roads informally told Plaintiff that the work at the Building would not be accepted because of issues with the work. Plaintiff knows that fines of $18,000 per day would be incurred if the turnover date were delayed

26. Plaintiff decided to videotape non-secure areas of the facility (15 to 20% of the building is considered to be secure), to document the work that had been

completed. Plaintiff believes the Roads contract with the Corps in no way prohibits taking pictures of work performed.

27. Plaintiff instructed William Eiff, Roads' QC Manager, to videotape the public areas of the Building in order to document the work.

28. Prior to entering the Building, Plaintiff asked Mr. Easton for permission to videotape the Building. Mr. Easton gave his permission to Plaintiff to videotape the Building.

29. Mr. Easton then requested that should Plaintiff request a copy of the videotape, that Plaintiff provide him with a copy of the same.

30. William Eiff, Rick Zini, Roads' architect, and Plaintiff entered Building 1614, with Mr. Eiff controlling the camera.

31. Plaintiff recorded a discussion he had with Mr. Eiff, where Plaintiff instructed Mr. Eiff to not enter secure areas of the building. The Roads group proceeded to videotape 15 to 20 minutes in public areas of the building.

32. On March 25, Mr. Haynes placed a call to Mr. Bucciarelli. Roads' superintendent, John Landry, was in the room when Mr. Bucciarelli received the call and overheard what was discussed. Mr. Landry told Plaintiff that Mr. Haynes had an issue with the taping at the facility.

33. Mr. Landry explained that the reason for Mr. Haynes' concern was because Plaintiff is from a hostile country (Iran) and has relatives located in that hostile country.

34. Mr. Haynes asked Mr. Bucciarelli to contact Sergeant Devin at the Air Force Base and have Plaintiff interrogated.

35. Mr. Landry told Plaintiff that he overheard Mr. Haynes state that he had never wanted to have an Iranian project manager involved in the job.

36. After the call, John Landry questioned Mr. Bucciarelli regarding the content of the call and reported to Plaintiff that Mr. Bucciarelli confirmed what Mr. Landry had overheard.

37. On the same day, March 25, 2004, at 2:30 p.m., Mr. Haynes approached Brian Dawley, Roads' assistant superintendent, and told him that work at secure areas of Building 1614 might not be accepted by the government for various reasons that he did not specifically cite.

38. Plaintiff believes that the reason for not accepting the work (because he did not believe there were any physical problems with the building), was Mr. Haynes' fear that some informing device had been planted by Plaintiff in the secure areas.

39. Mr. Dawley reported to Plaintiff that Mr. Haynes commented to Mr. Dawley as follows: 'How can Roads build secure areas with an F'ing Iranian as project manager and F'ing Russian as electrical engineer (reference to project team member, Helen Lerner, who is employed by the Air Force). No one should be working here unless they were born and have spent 10 generations in this country.'

40. Plaintiff spoke to Helen Lerner and she responded that she was not a bit surprised that Mr. Haynes had made derogatory comments about Plaintiff because Mr. Haynes had made similar comments to her in the past.

41. Mr. Eaton came to Plaintiff's base office/trailer on or about Friday, March 26, 2004 (one of three difference occasions) and apologized fro Mr. Haynes' comments.

42. Mr. Easton told Plaintiff that whatever Mr. Haynes had said to Plaintiff was not U.S. Army Corps of Engineers policy.

43. Mr. Haynes also reiterated that he had no problem or objection to Plaintiff having previously videotaped the public areas of the Building.

44. Plaintiff had a trip to Las Vegas planned for March 31, 2004.

45. Mr. Landry reported to Plaintiff that Mr. Haynes told Mr. Bucciarelli, (who repeated the conversation to Mr. Landry), on March 29, 2004, that the only reason for Plaintiff to videotape the Building was because there are many terrorist organizations located in Las Vegas.

46. On April 1, 2004 Mr. Easton interviewed Mr. Landry and Mr. Dawley regarding the incidents.

47. Plaintiff was disturbed, surprised and upset by the incidents. His trip to Las Vegas with his family had been planned for a long time and he was unhappy during the trip.

48. Plaintiff believes that his reputation has been damaged as a result of the actions of Defendants and Mr. Haynes.

49. Plaintiff believes the incidents will have an adverse affect on his career and is concerned that he will be prevented from working at Federal facilities in the future.

50. The incidences have also disturbed and upset Plaintiff's family life.

51. The evidence clearly supports Plaintiff's position that he was discriminated against on the basis of his race and/or national origin in violation of Title VII of the Civil Rights Act of 1964.

### COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (MEHDI K. ARYA v. U.S. Army Corps of Engineers)

52. Plaintiff repeats and realleges the allegations as set forth above, as if fully restated.

53. Defendant's actions, as set forth above, deprived Plaintiff of employment opportunities, and adversely affected Plaintiff's status as an employee, because of his race and/or national origin.

54. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including but not limited to, lost wages and extreme emotional distress.

WHEREFORE, Plaintiff prays for a judgment against Defendant in an amount to be determined at trial, plus attorney's fees, interest and cost.

### COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (MEHDI K. ARYA v. R.L. BROWNLEE)

55. Plaintiff repeats and realleges the allegations as set forth above, as if fully restated.

56. Defendant's actions, as set forth above, deprived Plaintiff of employment opportunities, and adversely affected Plaintiff's status as an employee, because of his race and/or national origin.

57. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including but not limited to, lost wages and extreme emotional distress.

WHEREFORE, Plaintiff prays for a judgment against Defendant in an amount to be determined at trial, plus attorney's fees, interest and cost.

### COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (MEHDI K. ARYA v. U.S. Army Corps of Engineers)

58. Plaintiff repeats and realleges the allegations as set forth above, as if fully restated.

59. Defendant's actions, as set forth above, constitute Defendant's deprival of employment opportunities and adversely effecting Plaintiff's status as an employee because of Plaintiff's race.

60. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including but not limited to, lost wages and extreme emotional distress.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant in an amount to be determined at trial, plus attorney's fees, interest and cost.

### COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964
### (MEHDI K. ARYA v. R.L. BROWNLEE)

61. Plaintiff repeats and realleges the allegations as set forth above, as if fully restated.

62. Defendant's actions, as set forth above, constitute Defendant's deprival of employment opportunities and adversely effecting Plaintiff's status as an employee because of Plaintiff's race.

63. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including but not limited to, lost wages and extreme emotional distress.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant in an amount to be determined at trial, plus attorney's fees, interest and cost.

### DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

Dated: December 22, 2004

                                                     **MEHDI K. ARYA**
By His Attorneys,

RUBIN, WEISMAN, COLASANTI,
KAJKO & STEIN, LLP

/s/ David B. Stein
David B. Stein, BBO# 556456
430 Bedford Street
Lexington, MA 02420
Tel.: (781) 860-9500
Fax: (781) 863-0046

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff __Essex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David B. Stein, Esq.
Rubin, WEisman, Colasanti, Kajko & Stein
430 Bedford St., Lexington, MA 02420

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of Title VII of the Civil Rights Act 1964

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____      DOCKET NUMBER _____

DATE 12/22/04      SIGNATURE OF ATTORNEY OF RECORD /s/ David B. Stein

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____